Exhibit A to Notice of Removal

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br>Court Address:<br>1437 Bannock Street<br>Denver, Colorado 80202 | DATE FILED<br>March 28, 2025 3:45 PM<br>FILING ID: 579CECD9CC25D<br>CASE NUMBER: 2025CV31161 |
| FRANKLIN D. AZAR & ASSOCIATES, P.C., a Colorado professional corporation,<br><br>Plaintiff,<br><br>v.<br><br>DOMINIC X. GENCO LLC d/b/a GENCO INJURY ATTORNEYS, a Colorado Limited Liability Company,<br><br>and<br><br>DOMINIC X. GENCO, individually<br><br>Defendants. | ▲ **COURT USE ONLY** ▲ |
| *Attorneys for Plaintiff*:<br><br>Tamir Goldstein, #32413<br>Michael Kosma #55992<br>Morgan Steele #57770<br>TAFT STETTINIUS & HOLLISTER LLP<br>675 15th St, Suite 2300<br>Denver, CO 80202<br>Telephone: (303) 299-8352<br>tgoldstein@taftlaw.com<br>mkosma@taftlaw.com<br>msteele@taftlaw.com<br><br>Meghan W. Martinez, #26295<br>Sarah G. Nolan, #51101<br>MARTINEZ LAW GROUP, P.C.<br>720 South Colorado Blvd.<br>South Tower, Suite 1020<br>Denver, CO 80246<br>Telephone: (303) 597-4000<br>Facsimile: (303) 597-4001<br>martinez@mlgrouppc.com<br>nolan@mlgrouppc.com | Case No.:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** | |

COMES NOW Plaintiff Franklin D. Azar & Associates, P.C. ("the Azar Firm" or "Plaintiff"), by and through undersigned counsel, and for its Complaint against the Defendants, Dominic X. Genco LLC d/b/a Genco Injury Attorneys ("the Genco Firm") and Dominic X. Genco individually ("Defendants"), states as follows:

## I.    NATURE OF THE ACTION

1.    This is an action for violation of the Trademark Infringement and Unfair Competition and False Advertising sections under the Lanham Act, 15 U.S.C. § 1125(a) and 15 U.S.C. § 1114, Unfair Competition under the Colorado Deceptive Trade Practices Act C.R.S. § 6-1-105, common law trademark infringement and common law unfair competition.

2.    Azar is the largest and most recognized personal injury law firm in Colorado. Azar has achieved this name recognition and reputation through the provision of exemplary legal services and by spending millions of dollars over the past 30 years in advertising its legal services in Colorado through multiple media channels. Moreover, Azar owns numerous trademarks, including the "Strong Arm", "Frank Azar", "I'll Get You As Much As I Can As Fast As I Can", and "Franklin D. Azar & Associates" and others.

3.    The Genco Firm, a law firm started by Dominic X. Genco, a former employee of the Azar Firm, has sought to unfairly profit from the Azar Firm's name recognition, reputation, and trademarks by using misleading advertisements to divert potential clients of the Azar Firm to the Genco Firm's website to obtain their business.

4.    Many of the people deceived by Defendants' tactics are seeking Azar during the most vulnerable time in their lives, often time having just experienced a tragic accident. They

2

intentionally seek out Azar because of its good name and long-standing reputation as being one of the largest, most experienced personal injury firms in Colorado. Often, they have seen or heard of Frank Azar and have formed an interest in working with him and his firm. These people clearly wish to deal with a well-known, familiar brand name in Colorado, as opposed to some unfamiliar stranger.

5.      However, through Genco Firm's tactics and at the direction of Dominic Genco, prospective clients of Azar are intentionally tricked and deceived into doing business with Defendants rather than Azar's firm.

## II.      THE PLAINTIFF

6.      The Azar Firm is a Colorado professional corporation with its principal office located at 14426 E. Evans Ave., Aurora, Colorado, 80014.

## III.      THE DEFENDANTS

7.      The Genco Firm is a Colorado limited liability company with an office at 1205 S Platte River Dr # 200, Denver, CO 80223, and whose registered agent is at 1500 N. Grant Street, Suite N, Denver, CO 80203.

8.      Dominic X. Genco is an adult individual and resident of the state of Colorado. Upon information and belief, Defendant Genco is the owner of the Genco Firm.

## IV.      JURISDICTION AND VENUE

9.      The Court has jurisdiction over this matter pursuant to Colo. Const. Art. 6 § 9.

10.      The Court has personal jurisdiction over Defendant under C.R.S. § 13-1-124(1) because Defendants transact business within the State of Colorado and target Colorado individuals and have directed their actions against Azar in Colorado.

3

11.    Venue is proper in this Court pursuant to C.R.C.P. 98(c) because the Genco Firm's place of business is in Denver, Colorado and a substantial part of the events giving rise to the claims occurred in Denver, Colorado.

## V.    GENERAL ALLEGATIONS

### A.    Franklin D. Azar & Associates P.C.

12.    Frank Azar is a prominent personal injury lawyer who has been practicing law in Colorado since 1983. Mr. Azar grew up in Trinidad, Colorado where his father was once the District Attorney. He attended the University of Colorado, where he graduated cum laude and Phi Beta Kappa. Mr. Azar then went on to law school at the University of Denver. Upon graduation, Mr. Azar served as an assistant district attorney in Trinidad before turning his focus to representing injured plaintiffs.

13.    Mr. Azar founded the Azar Firm in 1987 with the goal of effectively representing clients by ensuring that they receive full and fair compensation for their injuries. Over the years, Mr. Azar has built the Azar Firm into one of the largest plaintiff-centered personal injury firms in the state, with offices across the state.

14.    Since forming his firm, Mr. Azar has earned widespread recognition as one of Colorado's top personal injury attorneys. He has had enormous success aggressively representing injured people, which has caused him to gain celebrity status and fame in Colorado and beyond.

15.    The Azar Firm has recovered over $2.3 billion for over 50,000 clients. In one case, the Azar Firm gained national attention for bringing the first of a 26-state class action suit against Walmart stores over its labor practices. That case and others eventually led to more than $750

4

million in settlements. In another case, Mr. Azar tried and won one of the largest individual cases against, among others, Riddell, the primary manufacturer and provider of helmets to the National Football League, securing an $11.5 million jury verdict, including a $3.1 million verdict against Riddell.

16.    The Azar Firm not only routinely handles cases ranging from car accidents to large class actions in Colorado, but the Azar Firm has also litigated and is presently litigating complex class actions and mass tort actions, including cases involving wage and hour violations, insurance bad faith, and products liability. Mr. Azar was also appointed to the Plaintiffs' Steering Committee in the Multi-District litigation involving DePuy's faulty Pinnacle hips. Additionally, Mr. Azar helps to curb corporate corruption by actively assisting whistleblowers with enforcement of the Foreign Corrupt Practices Act, 15 U.S.C. § 78dd-1, *et seq.*

**B.    The Azar Mark and Commercial Advertising.**

17.    The Azar Firm is the owner of valid and subsising United States Trademark Registration No. 7,110,261 on the Principal Register in the United States Patent and Trademark Office for the trademark FRANK AZAR for legal services, which issued on July 18, 2023.

18.    The Azar Firm is the owner of valid and subsising United States Trademark Registration No. 7,232,976 on the Principal Register in the United States Patent and Trademark Office for the trademark FRANKLIN D. AZAR & ASSOCIATES for legal services, which issued on December 5, 2023.

19.    The consuming public has come to associate the names "Frank Azar," "Franklin D. Azar & Associates," and all derivations of those names with the Azar Firm and its attorneys (the "Azar Marks").

5

20.     Every year, the Azar Firm spends millions of dollars on advertising for the promotion of its legal services business under the Azar Marks. These advertisements include social media and web-based advertising, television commercials, radio advertisements, and billboards.

21.     The Azar Firm has continuously advertised to the citizens of Colorado and beyond for over thirty years. Millions of people hear and see the Azar Firm's advertisements every year.

22.     The Azar Firm currently has over 100 billboards on display in the state of Colorado.

23.     The Azar Firm runs thousands of television commercials each month.

24.     In total, the Azar Firm has spent millions of dollars on advertising.

25.     The result is one of, if not the most, valuable brand in the plaintiffs' law firm business in this region.

26.     Because of its decades of sustained advertising, its high rate of success, the sheer number of cases it handles, and its far-reaching reputation, the Azar Firm has become a brand name and one of the best-known personal injury law firms in the region. Simply put, everyone knows of Frank Azar and his firm and their reputation for aggressive personal injury representation.

## C.    The Azar Marks and Internet Advertising

27.     The Internet has become an increasingly important source of client referrals and intake, and thus of revenue for the Azar Firm. The Azar Firm operates a website at www.fdazar.com where it actively advertises its legal services in connection with the Azar Marks (its "Website"). Every year, its domain receives hundreds of thousands of visitors.

6

28.    In addition to its Website, the Azar Firm engages in a substantial amount of online advertising, including banner advertising, social media posts, and other online advertising. Below is an example of a Google banner advertisement for the Azar Firm:



Sponsored

choose.fdazar.com
https://choose.fdazar.com › case-evaluation  ⋮

**Frank Azar, The Strong Arm®  | Get a Free Consultation Today**

Call Now To Find Out If You Have A Case. Free Consultation. We'll Fight Hard For You.

29.    The Azar Firm purchases Google "keyword ads" using names such as "Frank Azar" and "Franklin D Azar" as search terms. As a result, when a consumer performs a Google search for Frank Azar, the search returns an advertisement for the Azar Firm such as that depicted above. Then, a potential client can click on the link and quickly and confidently contact the Azar Firm. Every year, the Azar Firm obtains hundreds of cases through its Google advertising program.

30.    The Internet is an important resource, even to reach those who initially hear of the Azar Firm through traditional advertising or word of mouth. People who see or hear an advertisement often turn to the internet for contact information, as opposed to attempting to write down a phone number from a television ad or billboard. The Azar Firm's Google keyword ads help ensure that when a prospective client performs a search for "Azar," "Frank Azar," "Franklin D Azar & Associates," or a similar name containing the word "Azar," they will be directed to the Azar Firm's Website.

**D.    The Genco Firm**

31.     The Genco Firm is a relatively new personal injury law firm with a primary office in Denver, Colorado.

32.     The firm was founded Defendant Dominic X. Genco who purports to practice personal injury law and represent victims of accidents.

33.     Mr. Genco is a former employee of the Azar Firm, where he practiced personal injury law.

**E.   The Genco Firm's Keyword, Metatag, and Deceptive Advertisement Scheme**

34.     As part of their way to attract clients, Genco operates a website, gencoinjury.com, to advertise its services to the public.

> **a.   The Bidding Scheme**

35.     Like the Azar Firm, the Genco Firm purchases Google keyword ads to drive consumer traffic to its website. This ensures that an advertisement for Genco Firm appears when a local user performs a Google search using the Azar name or the Azar Marks.

36.     Unlike the Azar Firm, however, the Genco Firm purposely uses its purchase of keyword ads to target potential Azar clients through the internet by abusing the Azar Marks through online advertisement.

37.     Specifically, and at the direction of Defendant Genco, the Genco Firm has purchased Google keyword ads for terms including "Franklin D Azar" and "lawyer Frank Azar" so that ads for the Genco Firm are displayed when consumers enter those search terms.

38.     Upon information and belief, Defendants bid increasingly higher amounts to ensure that its advertisements appear next to or before Azar's advertisements in the Google search results that appear to potential clients who perform searches using the Azar marks. These higher bids by

8

Defendants drive up the bid prices and force Azar to expend more money for the use of its own name.

39.     Defendants' bidding to increase the likelihood that their advertisements appear next to or before Azar's own advertisements is for the purpose of inciting confusion and leading prospective clients away from the Azar website to the Defendants' website.

### b.  The Metatag Scheme

40.     Upon information and belief, Defendants also uses metatags, which are programming code instructions given to on-line search engines. Metatags are normally invisible to the Internet user, but they are detected by search engines and increase the likelihood that a user searching for a particular topic will be directed to that person's web site.

41.     In this case, Defendants use metatags containing the Azar Marks to drive people searching for Azar to its own advertisement and to divert cases and people from Azar to the Genco Law Firm.

### c.  The Deceptive Advertising Language Scheme

42.     When a prospective client searches the Azar name, the Defendants' advertisements appear just above or below the Azar website.

43.     In formulating eye-catching advertisements to lead prospective clients away from Azar's website, Defendants purposefully formulated misleading advertisements that would give an unsuspecting user the impression that Defendants is affiliated with Azar.

44.     A prime example is the use of the Azar name in the text of its ads. In the below ad, a consumer who searches for "azar and associates" will be shown an ad titled "Frank Azar And

9

Associates." A consumer who clicks on the title or the "Contact Us" link will be brought not to the Azar Firm's website, but instead to gencoinjury.com.



45.    The Genco Firm has purchased similar ads with the title "Frank Azar," as shown below. These ads also link to the Genco Firm's website.



10

46.    A similar ad purchased by the Genco Firm has the title "Franklin D Azar" but links to the Genco Firm website.



47.    Genco has also purchased ads with the title "Frank Azar And Associates – Contact Genco Injury Attorneys," as shown below. The ads run under search terms including "azar and associates."



11



48.     Additionally, Defendants' website name containing the words "personal-injury"
further play on a susceptible user's impression that the website is associated with Frank Azar as
anyone searching for Frank Azar knows that his primary practice is in the personal injury field.

12

49.     There is nothing in the advertisements that would correct any misunderstanding that the phone number in Defendants' advertisement is not associated with Azar. There is no statement that the advertisement is not affiliated with Azar, that this is merely an attorney referral service, or that the service is affiliated with the Genco Law Firm.

50.     Use of this language is deliberate and misleading with the goal of directing prospective clients away from the Azar Firm and towards Defendants.

51.     The obvious intent of the Genco Firm's ads is to confuse consumers who use Google to search for the Azar Firm's contact information. A person who searches on Google for "Frank Azar" may inadvertently click on a Genco Firm ad titled "Franklin Azar" and be directed to the Genco Firm website instead of the Azar Firm's Website.

52.     Even though potential customers who view the Genco Firm's misleading ads and are directed to the Genco Firm website may ultimately realize that they are dealing with the Genco Firm instead of the Azar Firm, they may choose to stay with the Genco Firm.

53.     The Genco Firm's ads are likely to confuse and mislead potential clients who intend to contact the Azar Firm for representation into instead contacting the Genco Firm.

54.     The Genco Firm's ads also use the Azar Marks to divert internet traffic from the Azar Firm, thereby capitalizing on the Azar Firm's goodwill to drive its own business.

55.     As a result of the Genco Firm's tactics, the Azar Firm has lost business from potential clients.

13

**D. Summary of Defendants' Azar Mark Scheme**

56.     The Defendants' use of trademark terms, including the Azar Marks, in metatags and in its key words, in combination with their generic advertising has caused, and has the likelihood to continue to cause, general interest confusion.

57.     Prospective clients that fall prey to these schemes believe, for at least some period of time, that the displayed website belongs to Frank Azar.

58.     With the unauthorized use of the Azar Marks, along with their deceptive advertising, Defendants' advertisements are likely to cause mistake, and/or deceive clients and potential clients of Azar into believing that Azar has some affiliation, connection, or association with the Defendants, or as to the origin, sponsorship, or approval of Defendants' services by Azar.

59.     Defendants use the Azar Marks to falsely designate the origin of their services and falsely and misleadingly describe and represent facts with respect to Defendants and their services.

60.     The unauthorized use of the Azar Marks enables the Defendants to trade on, and receive the benefit of, the extensive goodwill associated with Azar, and all of the time and money Azar spent to create such goodwill over the last three decades. As such, Defendants gain acceptance for their services not solely on their own merits, but on the reputation and goodwill of Azar.

61.     Defendants' use of the Azar Marks in metatags and keyword advertising, in combination with their deceptive website and other actions, allow them to appropriate Frank Azar's name or likeness and the value associated with that name or likeness. As a result,

14

potential clients that are specifically seeking Mr. Azar are deceived into discussing their case with a stranger with which they are not familiar.

62.    Defendants' unauthorized use of the Azar Marks allow them to appropriate the product of Azar's efforts in developing extensive advertising campaigns over the last three decades, including television commercials, billboards, radio adds, and other costly marketing materials, thereby enabling Defendants to gain a special advantage in competing with Azar by avoiding the costs and burden incurred by Azar in establishing its own wide-reaching reputation.

63.    Defendants' use of the Azar Marks, in combination with its intentionally misleading advertising, among other actions, has had the effect of diverting dozens, if not hundreds or thousands, of potential clients away from the Azar firm.

### FIRST CLAIM FOR RELIEF
### (Trademark Infringement under 15 U.S.C. § 1114)

64.    Plaintiff incorporates the allegations above into this claim for relief.

65.    Plaintiff owns the Azar Marks.

66.    The Azar Marks are valid and protectable trademarks in full force and effect.

67.    The Azar Marks are distinctive, have been used for over three decades, and are otherwise very strong marks.

68.    Defendants willfully and knowingly used and may continue to be using the Azar Marks for the purpose of leading clients away from Plaintiff and toward its firm.

69.    Defendants used and may continue to be using the Azar Marks and similar phrases without the consent of Plaintiff in a manner that is likely to cause confusion among ordinary customers as to the origin, sponsorship, affiliation, or approval of Defendant's services.

70.     Defendants' intentionally misleading use of the Azar Marks causes confusion amongst consumers and leads potential clients away from Plaintiff.

71.     Plaintiff has been damaged by Defendants' acts of trademark infringement.

## SECOND CLAIM FOR RELIEF
### (Unfair Competition under 15 U.S.C. § 1125(a)(1)(A))

72.     Plaintiff realleges and incorporates the allegations above into this claim for relief.

73.     Defendants, in connection with the promotion of the Genco Firm's services, used in commerce the Azar Marks in a manner that is likely to cause confusion or to cause mistake, or to deceive as to the affiliation, connection, or association of the Defendants with Azar, and as to the origin, sponsorship, or approval of Defendants' services by Azar.

74.     In using the Azar Marks, in combination with misleading sponsored ads, Defendants' commercial advertising and promotion serves to misrepresent the nature, characteristics, and qualities of their services.

75.     Defendants' use of the Azar Marks in metatags and keyword advertising, along with deceptive sponsored ads, create initial interest confusion. Even if potential customers ultimately learn the true identify of who they are dealing with, they may nonetheless continue to do business with Defendants because of their particular situation.

76.     Azar has been damaged by Defendants' acts of trademark infringement, unfair competition, false designation of origin, and false or misleading descriptions or representation of fact.

## THIRD CLAIM FOR RELIEF
### (False Advertising under 15 U.S.C. § 1125(a)(1)(B))

77.     Plaintiff realleges and incorporates the allegations above into this claim for relief.

16

78.     Plaintiff owns the Azar Marks.

79.     The Azar Marks are valid and subsisting marks in full force and effect.

80.     Defendants' use of the Azar Marks was intentionally used to mislead potential clients looking for legal services from the Azar Firm.

81.     In using the Azar Marks in their advertising, Defendants misrepresented the nature of their connection to the Azar Firm by using the Azar Marks in their advertising and causing confusion among potential clients.

82.     The manner in which Defendants used the Azar Marks was one that was intended to guide potential clients away from the Azar website and into the hands of the Genco Firm.

83.     Defendants falsely advertised their connection to the Azar Firm by using advertisements that misleadingly caused potential users to affiliate Defendants with the Azar Marks.

84.     This representation is false as Defendants are in no way affiliated with the Azar Marks but are nonetheless benefiting from their false advertising that connects them to Azar Marks.

85.     Defendants' use of the Azar Marks in connection with the unauthorized advertising and promotion of the Azar Marks misrepresents the nature and origin of the Defendants' because it suggests a connection to the Azar Marks when there is no connection.

86.     As a result of Defendants' actions, Azar has suffered and will continue to suffer damage to its business, goodwill, reputation, and profits in an amount to be proven at trial.

17

**FOURTH CLAIM FOR RELIEF**
**(Common Law Trademark Infringement and Unfair Competition)**

87.     Plaintiff incorporates the allegations above into this claim for relief.

88.     Plaintiff owns the Azar Marks.

89.     The Azar Marks are valid and protectable trademarks in full force and effect.

90.     The Azar Marks are distinctive, have been used for over three decades, and are otherwise very strong marks.

91.     Azar is widely recognized as a personal injury attorney bearing the Azar Marks.

92.     Defendants willfully and knowingly used the Azar Marks in the course of its business for the purpose of leading clients away from Plaintiff and toward its firm.

93.     Defendants used the Azar Marks and similar phrases without the consent of Plaintiff in a manner that is likely to cause confusion among ordinary customers as to the origin, sponsorship, affiliation, or approval of Defendants' services.

94.     Even though the potential client may ultimately realize that they are not dealing with Azar, they may nonetheless retain an attorney other than Azar, thus causing harm to Azar.

95.     These tactics are particularly harmful to Azar's potential clients because many of them have been recently injured in an accident and are otherwise in a vulnerable state of mind.

96.     Both Azar and Defendants market similar personal injury plaintiff legal services through similar Internet advertising, including keyword advertising.

97.     The clients seeking Azar's legal services are often not sophisticated business people and therefore, not likely to exercise a high degree of care in seeking out an attorney.

18

98.     Defendants' intentionally misleading use of the Azar Marks causes confusion amongst consumers and leads potential clients away from Plaintiff.

99.     Plaintiff has been damaged by Defendants' acts of trademark infringement.

**FIFTH CLAIM FOR RELIEF**
**(Violation of the Colorado Deceptive Trade Practices Act, C.R.S. § 6-1-105)**

100.    Plaintiff incorporates the allegations above into this claim for relief.

101.    Azar owns the Azar Marks.

102.    The Azar Marks are valid and subsisting marks in full force and effect.

103.    Defendants used the Azar Marks in misleading internet advertisements.

104.    Defendants purchased the misleading advertisements in the course of Defendants' business.

105.    In its misleading advertisements, Defendants knowingly or recklessly made false representations as to the affiliation, connection, or association of Plaintiff with Defendants' services and/or the source, sponsorship, or approval of Plaintiff's services, including by using the Azar Marks in ads that led consumers to Defendants' website or otherwise diverted from Azar.

106.    Defendants' actions significantly impact the public as actual or potential consumers of Defendant's services, including by misleading customers who attempt to contact Plaintiff.

107.    Defendants' misleading advertisements are targeted at consumers who have been recently injured and are likely to be under intense stress, making them especially susceptible to confusion.

108.    Plaintiff has suffered injury to a legally protected interest, including infringement on its trademarks and injury in the course of its business.

19

109.     Defendants' trade practices have caused actual damages or losses to Plaintiff.

## SIXTH CLAIM FOR RELIEF
### (Intentional Interference with Prospective Business Relations)

110.     Plaintiff incorporates the allegations in Paragraphs 1 through 49 into this claim for relief.

111.     Some prospective clients seek to contact Plaintiff by performing Google searches using the Azar Marks. In doing so, they are hoping and anticipating retaining the Azar Firm to represent them in a case.

112.     Defendants intentionally and improperly interfered with Plaintiff's prospective contractual relationship with those prospective clients by using the Azar Marks in misleading and confusing advertisements.

113.      As a result of these practices, third party prospective clients seeking Plaintiff are diverted to Defendants or otherwise diverted away from Azar.

114.     In some circumstances, the prospective clients may choose to retain Defendants instead of Plaintiff.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants and that the Court:

(a)     Order the Genco Firm and Mr. Genco and all those acting in concert with it to be permanently enjoined and restrained from using the Azar Marks and any other mark or name confusingly similar to the Azar Marks, including by using the Azar Marks in misleading advertisements;

20

(b)    Order the Genco Firm and Mr. Genco to serve upon the Azar Firm, within thirty (30) days after entry of an injunction, a statement under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

(c)    Order a preliminary injunction barring the Genco Firm and Mr. Genco from misappropriating the Azar Marks;

(d)    Order an accounting to determine the Genco Firm's profits resulting from its unlawful actions;

(e)    Order that the Azar Firm be compensated for any damages it incurred as a result of the actions of the Genco Firm and Mr. Genco;

(f)    Award the Azar Firm enhanced damages, attorney's fees, and/or costs as may be awardable, including pursuant to C.R.S. § 6-1-113;

(g)    Award the Azar Firm pre-judgment and post-judgment interest as may be provided for by law; and

(h)    Award any other relief to which the Azar Firm may be entitled.

**JURY DEMAND**

Plaintiff demands a trial by jury on all claims so triable.

21

Respectfully submitted this 28th day of March 2025.

TAFT STETTINIUS & HOLLISTER LLP

By: */s/ Tamir Goldstein*
Tamir Goldstein, #32413
Michael Kosma, #55992
Morgan Steele, #57770

MARTINEZ LAW GROUP, P.C.

By: */s/ Meghan W. Martinez*
Meghan W. Martinez, #26295
Sarah G. Nolan, #51101

*ATTORNEYS FOR PLAINTIFF*

Plaintiff's Address:
14426 East Evans Avenue
Aurora, CO  80014

Exhibit B to Notice of Removal

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br>Court Address:<br>1437 Bannock Street<br>Denver, Colorado 80202 | DATE FILED<br>March 28, 2025 3:45 PM<br>FILING ID: 579CECD9CC25D<br>CASE NUMBER: 2025CV31161 |
| FRANKLIN D. AZAR & ASSOCIATES, P.C., a Colorado professional corporation,<br><br>Plaintiff,<br><br>v.<br><br>DOMINIC X. GENCO LLC d/b/a GENCO INJURY ATTORNEYS, a Colorado Limited Liability Company, and<br><br>DOMINIC X. GENCO, individually<br><br>Defendants. | ▲ COURT USE ONLY ▲ |
| *Attorneys for Plaintiff*:<br><br>Tamir Goldstein, #32413<br>Michael Kosma #55992<br>Morgan Steele #57770<br>TAFT STETTINIUS & HOLLISTER LLP<br>675 15th St, Suite 2300<br>Denver, CO 80202<br>Telephone: (303) 299-8352<br>tgoldstein@taftlaw.com<br>mkosma@taftlaw.com<br>msteele@taftlaw.com<br><br>Meghan W. Martinez, #26295<br>Sarah G. Nolan, #51101<br>MARTINEZ LAW GROUP, P.C.<br>720 South Colorado Blvd.<br>South Tower, Suite 1020<br>Denver, CO 80246<br>Telephone: (303) 597-4000<br>Facsimile: (303) 597-4001<br>martinez@mlgrouppc.com<br>nolan@mlgrouppc.com | Case No.:<br><br>Division: |
| **DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD-PARTY COMPLAINT** | |

1. This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases or in Water (CW) proceedings subject to sections 37-92-302 to 37-92-305, C.R.S. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. Simplified Procedure under C.R.C.P. 16.1 **applies** to this case **unless** (check one box below if this party asserts that C.R.C.P. 16.1 **does not** apply):

   This is a class action, forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**

   X   This party is seeking a monetary judgment against another party of more than $100,000.00, exclusive of interest and costs, as supported by the following certification:

   By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000.

   **Or**

   Another party has previously filed a cover sheet stating that C.R.C.P. 16.1 does not apply to this case.

3. This party makes a **Jury Demand** at this time and pays the requisite fee. *See* C.R.C.P. 38. (Checking this box is optional.)

DATED: March 28, 2025.

TAFT STETTINIUS & HOLLISTER LLP

By: */s/ Tamir Goldstein*
Tamir Goldstein, #32413
Michael Kosma, #55992
Morgan Steele, #57770

MARTINEZ LAW GROUP, P.C.

By: */s/ Meghan W. Martinez*
Meghan W. Martinez, #26295
Sarah G. Nolan, #51101

*ATTORNEYS FOR PLAINTIFF*

2

59933915.1

Exhibit C to Notice of Removal

| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br>Court Address:<br>1437 Bannock Street<br>Denver, Colorado 80202 | DATE FILED<br>April 3, 2025 5:07 PM<br>FILING ID: BF4CABEC26B57<br>CASE NUMBER: 2025CV31161 |
|---|---|
| FRANKLIN D. AZAR & ASSOCIATES, P.C., a Colorado professional corporation,<br><br>Plaintiff,<br><br>v.<br><br>DOMINIC X. GENCO LLC d/b/a GENCO INJURY ATTORNEYS, a Colorado Limited Liability Company,<br><br>and<br><br>DOMINIC X. GENCO, individually<br><br>Defendants. | ▲ COURT USE ONLY ▲ |
| *Attorneys for Plaintiff*:<br><br>Tamir Goldstein, #32413<br>Michael Kosma #55992<br>Morgan Steele #57770<br>TAFT STETTINIUS & HOLLISTER LLP<br>675 15th St, Suite 2300<br>Denver, CO 80202<br>Telephone: (303) 299-8352<br>tgoldstein@taftlaw.com<br>mkosma@taftlaw.com<br>msteele@taftlaw.com<br><br>Meghan W. Martinez, #26295<br>Sarah G. Nolan, #51101<br>MARTINEZ LAW GROUP, P.C.<br>720 South Colorado Blvd.<br>South Tower, Suite 1020<br>Denver, CO 80246<br>Telephone: (303) 597-4000<br>Facsimile: (303) 597-4001<br>martinez@mlgrouppc.com<br>nolan@mlgrouppc.com | Case No.: 2025CV031161<br><br>Division: |
| **DISTRICT COURT CIVIL SUMMONS** | |

**TO THE ABOVE-NAMED DEFENDANTS:** DOMINIC X. GENCO LLC d/b/a GENCO INJURY ATTORNEYS

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

The following documents are also served herewith: Civil Cover Sheet, Complaint and Jury Demand, ESI Preservation Letter.

DATED: April 3, 2025.

TAFT STETTINIUS & HOLLISTER LLP

By: */s/ Tamir Goldstein*
Tamir Goldstein, #32413
Michael Kosma, #55992
Morgan Steele, #57770

MARTINEZ LAW GROUP, P.C.

By: */s/ Meghan W. Martinez*
Meghan W. Martinez, #26295
Sarah G. Nolan, #51101

*ATTORNEYS FOR PLAINTIFF*

2

59934896.1

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br>Court Address:<br>1437 Bannock Street<br>Denver, Colorado 80202 | DATE FILED<br>April 3, 2025 5:07 PM<br>FILING ID: BF4CABEC26B57<br>CASE NUMBER: 2025CV31161 |
| FRANKLIN D. AZAR & ASSOCIATES, P.C., a Colorado professional corporation,<br><br>Plaintiff,<br><br>v.<br><br>DOMINIC X. GENCO LLC d/b/a GENCO INJURY ATTORNEYS, a Colorado Limited Liability Company,<br><br>and<br><br>DOMINIC X. GENCO, individually<br><br>Defendants. | <br><br><br><br><br><br><br><br>▲ **COURT USE ONLY** ▲ |
| *Attorneys for Plaintiff*:<br><br>Tamir Goldstein, #32413<br>Michael Kosma #55992<br>Morgan Steele #57770<br>TAFT STETTINIUS & HOLLISTER LLP<br>675 15th St, Suite 2300<br>Denver, CO 80202<br>Telephone: (303) 299-8352<br>tgoldstein@taftlaw.com<br>mkosma@taftlaw.com<br>msteele@taftlaw.com<br><br>Meghan W. Martinez, #26295<br>Sarah G. Nolan, #51101<br>MARTINEZ LAW GROUP, P.C.<br>720 South Colorado Blvd.<br>South Tower, Suite 1020<br>Denver, CO 80246<br>Telephone: (303) 597-4000<br>Facsimile: (303) 597-4001<br>martinez@mlgrouppc.com<br>nolan@mlgrouppc.com | Case No.: 2025CV031161<br><br>Division: |
| **DISTRICT COURT CIVIL SUMMONS** | |

**TO THE ABOVE-NAMED DEFENDANTS:**  DOMINIC X. GENCO

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint.  If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you.  If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you.  Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

The following documents are also served herewith:  Civil Cover Sheet, Complaint and Jury Demand, ESI Preservation Letter.

DATED:  April 3, 2025.

TAFT STETTINIUS & HOLLISTER LLP

By: */s/ Tamir Goldstein*
Tamir Goldstein, #32413
Michael Kosma, #55992
Morgan Steele, #57770

MARTINEZ LAW GROUP, P.C.

By: */s/ Meghan W. Martinez*
Meghan W. Martinez, #26295
Sarah G. Nolan, #51101

*ATTORNEYS FOR PLAINTIFF*

2