IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 25-cv-01212-NYW-CYC

FRANKLIN D. AZAR & ASSOCIATES, P.C.,

    Plaintiff,

v.

DOMINIC X. GENCO LLC d/b/a GENCO INJURY ATTORNEYS, and
DOMINIC X. GENCO,

    Defendants.

## ORDER ON MOTION TO AMEND

This matter comes before the Court on Plaintiffs' Motion for Leave to Amend Complaint to Remove Federal Claims ("Motion to Amend" or "Motion"). [Doc. 18, filed May 23, 2025]. Defendants Dominic X. Genco LLC d/b/a Genco Injury Attorneys (the "Genco Firm") and Dominic X. Genco ("Mr. Genco") (collectively, "Defendants") opposed the Motion to Amend, [Doc. 23], and Plaintiff Franklin D. Azar & Associates, P.C. ("Plaintiff" or "Azar") replied, [Doc. 27]. The Court finds that oral argument will not materially assist in the disposition of the Motion to Amend. Upon review of the Parties' briefing, the entire docket, and the applicable case law, this Court respectfully **GRANTS** the Motion to Amend and **REMANDS** this civil action to the Denver County District Court.

## BACKGROUND

The following facts are drawn from the operative pleading, [Doc. 4], as well as the proposed Amended Complaint, [Doc. 18-1], and are taken as true for the purposes of the instant Motion. *See Brown v. United States*, 384 F. App'x 815, 817 (10th Cir. 2010). Azar

was founded by Mr. Franklin D. Azar in 1987 and has grown into one of the largest and best-known personal injury law firms in Colorado, with offices across the state. [Doc. 4 at ¶¶ 2, 13, 26]. Azar spends millions of dollars per year advertising its legal services, including through social media, web-based ads, television commercials, and billboards. [*Id.* at ¶¶ 20, 24, 28]. In those advertisements, Azar uses its registered trademarks, such as "FRANK AZAR" and "FRANKLIN D. AZAR & ASSOCIATES," as well as deviations of those names (the "Azar Marks"). [*Id.* at ¶¶ 17–19]. As part of its advertising strategy, Azar purchases Google "keyword ads"; this way, when a consumer searches for "Frank Azar" or other terms containing the word "Azar," the search will return a link for Azar's website, www.fdazar.com. [*Id.* at ¶¶ 27–30].

Mr. Genco is a former employee of Azar, where he practiced personal injury law. [*Id.* at ¶ 33]. He founded the Genco Firm, a relatively new personal injury law firm in Denver, Colorado. [*Id.* at ¶¶ 31–32]. The Genco Firm operates a website, gencoinjury.com, to advertise its services to the public. [*Id.* at ¶ 34]. Like Azar, to drive traffic to its website, the Genco Firm purchases Google keyword ads. [*Id.* at ¶ 35]. But the Genco Firm also uses keyword ads to target potential Azar clients; for instance, it has purchased ads for terms such as "Franklin D Azar" and "lawyer Frank Azar," so that ads for the Genco Firm are displayed when individuals search those terms on Google. [*Id.* at ¶¶ 36–37]. The Genco Firm also uses metatags, i.e. programming code instructions given to search engines, containing the Azar Marks to increase the likelihood that an internet search for Azar will return the Genco Firm's website. [*Id.* at ¶¶ 40–41]. This way, if a prospective client searches for Azar or other terms with the Azar name, the search engine results show the Genco Firm's advertisements just above or below the Azar website. [*Id.*

2

at ¶ 42].

To further guide prospective clients to the Genco Firm's website, the Genco Firm uses the Azar name in the text of its Google ads. [*Id.* at ¶¶ 43–44]. For instance, at one point, if an individual searched on Google for "azar and associates," they would be shown a link titled "Frank Azar And Associates" but clicking that link would take the individual to the Genco Firm's website. [*Id.* at ¶ 44]. The Genco Firm employed this tactic for other search terms including "Frank Azar" and "Franklin D. Azar." [*Id.* at ¶¶ 45–47]. Azar alleges that Defendants' advertising is misleading, intended to confuse consumers who seek to contact Azar for representation, and capitalizes on Azar's goodwill to drive the Genco Firm's own business. [*Id.* at ¶¶ 49–54]. As a result, Azar alleges it has lost business with potential clients. [*Id.* at ¶ 55].

Azar initiated this action against Defendants in the District Court of Denver County, Colorado on March 28, 2025, bringing six claims: (1) trademark infringement under 15 U.S.C. § 1114, (2) unfair competition under 15 U.S.C. § 1125(a)(1)(A), (3) false advertising under 15 U.S.C. § 1125(a)(1)(B), (4) common law trademark infringement and unfair competition, (5) violation of the Colorado Deceptive Trade Practices Act, Colo. Rev. Stat. § 6-1-105, and (6) intentional interference with prospective business relations. [*Id.* at 15–20]. On April 17, 2025, Defendants removed the action to this Court on the basis of federal question and supplemental jurisdiction under 28 U.S.C. §§ 1331, 1367, [Doc. 1 at 1], and on April 21, 2025, Defendants answered the Complaint, [Doc. 11].

On May 23, 2025, Azar filed the instant Motion to Amend, attaching a redlined version of the proposed amended Complaint and Jury Demand showing the proposed

3

changes. [Doc. 18; Doc. 18-1].[1] Azar seeks to withdraw its three federal claims as "largely duplicative" of its Colorado state claims and in order to return the case to the state court forum. [Doc. 18 at 2]. Defendants oppose the Motion, arguing that it is "nothing more than an improper attempt to divest this Court of subject matter jurisdiction midstream" and should be denied because Defendants have "expended a not insubstantial amount of effort and expense in preparing for trial." [Doc. 23 at 1, 4]. At the very least, Defendants argue, the federal claims should be dismissed with prejudice. [*Id.* at 3].

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) governs a motion to amend a complaint which is filed prior to the deadline set by the court. *Fernandez v. Bridgestone/Firestone, Inc.*, 105 F. Supp. 2d 1194, 1195 (D. Colo. 2000). Rule 15(a) provides that a plaintiff may amend a complaint once a matter of course if they do so within 21 days of service of a responsive pleading; in all other circumstances, a plaintiff must obtain the opposing party's consent or the court's leave. *See* Fed. R. Civ. P. 15(a)(1). Leave to amend a complaint should be "freely give[n] . . . when justice so requires," Fed. R. Civ. P. 15(a)(2), and "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment," *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993); *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) ("The liberal granting of motions for leave

---

[1] A Scheduling Order was entered in this case on June 17, 2025, after Azar filed its Motion, that set September 8, 2025 as the deadline for amendment of pleadings. [Doc. 26 at 8].

4

to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits."). Generally, in this context, there is a presumption in favor of allowing a party to amend its pleadings, see *Foman v. Davis*, 371 U.S. 178, 182 (1962), but whether to allow amendment "is within the court's wide discretion," *Rabin v. Fid. Nat. Prop. & Cas. Ins. Co.*, No. 10-cv-01645-LTB-KLM, 2012 WL 527479, at *2 (D. Colo. Feb. 17, 2012) (collecting cases).

## ANALYSIS

Defendants argue that the Court should deny the Motion to Amend because otherwise Defendants will suffer "legal prejudice" and because the Motion is brought for the bad faith reason of "forum shopping." See [Doc. 23 at 3–5]. The Court considers each argument in turn.

### I. Prejudice

The Court first observes that Defendants are proceeding under an incorrect standard. Defendants argue that the Motion is effectively a voluntary motion to dismiss under Rule 41(a) of the Federal Rules of Civil Procedure, which the Court has discretion to deny outright or grant with prejudice if Defendants show "legal prejudice." [*Id.* at 3–4]. But Defendants recognize that Rule 41(a) dismissals apply only if *all claims* in the action are being dismissed, as opposed to here where Plaintiff only seeks to dismiss a subset of the claims. See [*id.* at 3 n.1]. Indeed, courts in this District "convert [a] faulty Rule 41 motion into a Rule 15 motion to amend" if a plaintiff moves under Rule 41 to dismiss "fewer than all claims against a defendant," and analyze the motion "under the standards applicable to a Rule 15 motion." *LaserCycle USA, Inc. v. Balcourt*, No. 11-cv-01995-PAB-CBS, 2011 WL 5331675, at *1–2 (D. Colo. Nov. 3, 2011); *David A. Bovino P.C. v.*

5

*MacMillan*, No. 12-cv-00551-PAB-KMT, 2012 WL 6576973, at *1 (D. Colo. Dec. 17, 2012) (same).

As discussed above, the Rule 15(a) standard is a liberal one.  The "undue prejudice" showing required for a denial of a Rule 15(a) motion is typically that "the amendment unfairly affects the defendants in terms of preparing their defense to the amendment." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) (quotation omitted); *HCA-HealthOne LLC v. Susan Lou Spark Trust*, No. 06-cv-01198-MSK-MEH, 2006 WL 3762024, at *1 (D. Colo. Dec. 20, 2006) ("[P]rejudice under Rule 15 means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party." (quotation omitted)).  Most often, this occurs when a plaintiff moves to *add* claims which "arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter*, 451 F.3d at 1208 (collecting cases).

Defendants do not argue that Plaintiff's proposed amended Complaint contains any added claims or any new factual issues.  Rather, Defendants advance three arguments for how they would be prejudiced:  (1) they "have expended a not insubstantial amount of effort and expense in preparing for trial," (2) they will be deprived "of the opportunity to pursue their fraud-based cancellation counterclaims," and (3) they could be "exposed to duplicative litigation arising from the same operative facts" if Azar preserves its ability to refile the claims in federal court after an adverse state judgment. *See* [Doc. 23 at 4–7].

The Court respectfully finds that Defendants' arguments are insufficient to show undue prejudice. ***First,*** the Court is respectfully unconvinced that at the time the Motion

6

was filed, Defendants had expended a substantial amount of effort and expense in preparing for trial.  At that time, the case was in its infancy:  the initial Scheduling Conference had not taken place and Rule 26(a)(1) disclosures had not been made.  *See* [Doc. 20 (Proposed Scheduling Order, filed nearly three weeks after the Motion)].  Even at the present stage of litigation, it does not appear to the Court that Defendants have expended much additional expense and effort in litigating the federal claims that they would not have needed to expend on the state claims.  After all, Defendants admit that "the federal and state claims are predicated on the same facts," [Doc. 23 at 6], so it follows that most of the discovery that Defendants have conducted to defend against Azar's federal claims is also needed to defend against the state claims.  For instance, Defendants state in their Response that they "have already been forced to conduct a technically sophisticated and expensive investigation into the Google pay per click advertising campaign," but they acknowledge that the advertising campaign is "the subject of this lawsuit."  [*Id.* at 4].  Defendants would have had to conduct that investigation even if the federal claims had never been brought.

Further, the Parties are still in the middle of discovery.  No one has filed a dispositive motion yet and the Parties recently requested an additional three months to complete discovery in this action.  *See* [Doc. 38 at ¶¶ 2–5 (stating that the Parties have been conferring regarding written discovery disputes and have not completed depositions, and requesting that the fact discovery deadline be April 13, 2026 and expert discovery deadline be July 13, 2026)].  Defendants have not had to, for example, expend effort briefing a motion for summary judgment of the federal claims.

7

***Second,*** the Court is unconvinced that granting the motion to amend here would hinder Defendants' ability to pursue cancellation of Azar's trademarks—including in federal court, if Defendants prefer. *See* [Doc. 23 at 5–6]. The Court first notes that at the time that Azar brought this Motion, Defendants had answered the Complaint and did not include any counterclaims. *See* [Doc. 11]. Since then, Defendants moved to amend their Answer to add five counterclaims, *see* [Doc. 24-1 at 14–20], but they do not explain why they would be "deprive[d] . . . of the opportunity to pursue their fraud-based cancellation counterclaims" if this case is remanded to state court, *see* [Doc. 23 at 5–6]. Defendants' counterclaims for cancellation of trademark registrations can be brought as their own independent actions in federal court. *Gabb Wireless, Inc. v. Troomi Wireless, Inc.*, No. 2:21-cv-00253-TC, 2023 WL 258548, at *2 (D. Utah Jan. 18, 2023) ("A party may petition the court to cancel another party's trademark registration if he believes he is, or will, be damaged by registration of the mark with the USPTO." (citing 15 U.S.C. §§ 1064, 1119)); *see also Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 202 (1985) (any person who believes that they have been or will be damaged by registration may seek to cancel any mark at any time on the grounds that it was obtained fraudulently).

Furthermore, Defendants have the additional avenue of pursuing cancellation of the registrations by filing a petition with the Patent and Trademark Office. *See Empresa Cubana Del Tabaco v. General Cigar Co.*, 753 F.3d 1270, 1274 (Fed. Cir. 2014) ("The Lanham Act provides a cause of action to 'any person who believes that he is or will be damaged . . . by the registration of a mark' to petition the USPTO to cancel the mark." (quoting 15 U.S.C. § 1064)).

8

***Finally,*** while the Court appreciates Defendants' concern that if Azar dismisses its federal claims, "there is nothing to prevent [it] from returning to federal court to relitigate these issues" at a later date, [Doc. 23 at 6], that is par for the course when parties dismiss or withdraw claims early in a litigation. Defendants' concerns about duplicative litigation may be addressed by the doctrine of collateral estoppel. *See In re Miller*, 666 F.3d 1255, 1261–62 (10th Cir. 2012) (a party's attempt to relitigate in a federal action an issue determined in state court is analyzed under issue preclusion principles); *In re Sutherland-Minor*, 345 B.R. 348, 353 (Bankr. D. Colo. 2006) ("[A] Colorado court's final decision on an issue actually litigated and decided precludes relitigation of that issue in subsequent state or federal actions.").[2] But as Azar points out, whether claim or issue preclusion would apply is not a factor that courts consider when analyzing a motion to amend under Rule 15(a). *See* [Doc. 27 at 6].

The Court also respectfully declines Defendants' request to condition granting leave to amend on Azar dismissing the federal claims with prejudice. *See* [Doc. 23 at 3–7]. Defendants do not cite any cases where courts have found it appropriate to add such a condition at an early stage of litigation, well before the Court-imposed deadline for amending pleadings. Defendants' only related legal citation is to Charles Alan Wright & Arthur R. Miller, 6 *Federal Practice and Procedure* § 1486 (3d ed. 2010), *see* [Doc. 23 at 3], but the one case referenced therein where a court granted leave to amend on the

---

[2] Azar argues that the rule against claim splitting would prevent Azar from later bringing another lawsuit governed by the same claims and generated by the same facts. [Doc. 27 at 6]. However, this rule does not address Defendants' concern here because it does not apply between actions filed in state and federal court. *Wyles v. Sussman*, 661 F. App'x 548, 552 (10th Cir. 2016) (holding that a district court erred in dismissing a federal complaint under the rule against claim-splitting where plaintiff had previously filed a nearly identical suit in state court).

9

condition that the claims be dismissed with prejudice is inapposite, *see Etablissements Neyrpic v. Elmer C. Gardner, Inc.*, 175 F. Supp. 355, 358 (S.D. Tex. 1959). In *Gardner*, the plaintiffs sought to amend their complaint to eliminate two causes of action *21 months* after initiating the case and after the court held a pretrial conference. *Id.* The *Gardner* court found that because of "[t]he prejudicial circumstances attendant to this motion," that is, "eliminating causes of action following pretrial conference," the plaintiffs should be prevented from refiling the claims. *Id*.

Here, the Motion was filed less than two months after the Complaint was filed, before any dispositive motions or even a scheduling conference. The Court has already found that the Motion does not present "prejudicial circumstances." Thus, imposing the "severe" condition of dismissal with prejudice is not warranted. *Cf. Kent v. Berryhill*, No. 16-cv-02178-NYW, 2018 WL 10215863, at *7 (D. Colo. Jan. 31, 2018) ("[A] dismissal with prejudice at the pleading stage is severe and appropriate only in extreme circumstances."), *aff'd sub nom. Kent v. Comm'r, SSA*, 738 F. App'x 596 (10th Cir. 2018); *Garcia v. Adams Cnty.*, No. 21-cv-01120-CMA-KLM, 2022 WL 626681, at *3 (D. Colo. Feb. 17, 2022) (even in the Rule 12(b)(6) context, courts are hesitant to dismiss a case with prejudice), *aff'd*, 2022 WL 17347876 (10th Cir. Dec. 1, 2022).

Ultimately, Plaintiffs are the "'master[s] of [their] complaint' and should be permitted to abandon claims where [they] calculate[] it to be in [their] best interests and where it is consistent with Rule 15(a)(2)." *Sanchez v. Thomas, Thomas, Wichterman & Assocs., LLC*, No. 11-cv-02360-RPM-KMT, 2012 WL 683532, at *2 (D. Colo. Mar. 2, 2012). Azar was not required to bring any federal claims in its original Complaint, and it does not have

to maintain them now simply because Defendants would like to avoid the possibility of having to litigate those claims at a later time.

## II. Bad Faith

Defendants make a brief mention of bad faith in their Response, arguing that the Motion constitutes an attempt at "forum shopping," rather than "legitimate case management." [Doc. 23 at 4–5]. Defendants contend that "[c]ourts have recognized that a party's attempt to manipulate jurisdiction for forum shopping purposes, especially by withdrawing claims after removal, can constitute bad faith warranting denial of leave to amend." [*Id.*].

In support, however, Defendants do not cite any authority that withdrawing federal claims after removal constitutes bad faith and provides a basis to deny a motion to amend. Nor do Defendants engage with Plaintiff's cited cases showing numerous courts ruling that dismissing federal claims to facilitate remand is not improper forum shopping and permitting amendment in such circumstances. *See* [Doc. 18 at 4–5]; *see also* [Doc. 27 at 5–6]. Instead, Defendants cite *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988), which observed that district courts can consider "whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case" and should take into account if a plaintiff "has attempted to manipulate the forum." [Doc. 18 at 4–5]. Defendants do not expand on this argument or explain how this statement is relevant to the issue at hand. *Cohill* is a case about district courts' discretion under pendent jurisdiction (now codified as supplemental jurisdiction) to remand a removed case to state court after all federal claims are dropped. 484 U.S. at 348. It does not discuss Rule 15(a)

11

or review the district court's decision to grant leave to amend the complaint to withdraw federal claims.

The Court cannot conclude, based on the record and Defendants' limited argument, that Plaintiff is seeking to amend the Complaint in bad faith. *See Est. of Roemer v. Shoaga*, No. 14-cv-01655-PAB-NYW, 2016 WL 11184883, at * 11 (D. Colo. Oct. 26, 2016) ("In denying a plaintiff's motion to amend as made in bad faith, the plaintiff's bad faith must be apparent from the record before the court."), *recommendation adopted*, 2017 WL 1190558 (D. Colo. Mar. 31, 2017). Azar is not seeking to change the underlying factual allegations in the case. Nor is Azar attempting to avoid an adverse ruling in this forum. Azar is bringing this Motion prior to any dispositive motions or rulings by this Court, and Azar is clear about its motives: the federal claims are "largely duplicative" of the state law claims and Azar would like "to return to the state court forum." [Doc. 18 at 2]. Defendants provide no rationale as to why such motives are improper. Indeed, in the Rule 15(a) context, courts routinely decline to infer bad faith if the only fact in support is that the plaintiff seeks to return the case to a state forum. *See, e.g.*, *Borque v. David Stanley Dodge, LLC*, 5:17-cv-00153-R, 2017 WL 1611142, at *1 (W.D. Okla. May 1, 2017); *Verbal v. Giant of Md., LLC*, 204 F. Supp. 3d 837, 841 (D. Md. 2016); *Weber v. Denco, Inc.*, No. 2:15-cv-00418-RB-SMV, 2015 WL 12803116, at *2 (D.N.M. Aug. 21, 2015); *Colo. C.R. Comm'n v. 1950 Logan Condos. Condo. Ass'n*, No. 13-cv-02583-PAB-MJW, 2013 WL 6858703, at *1 (D. Colo. Dec. 30, 2013); *Nash v. Correct Care Sols., LLC*, No. 5:07-cv-04065-JAR-JPO, 2007 WL 2893522, at *2 (D. Kan. Sept. 12, 2007).

Finding no undue prejudice or bad faith here—and no other factors weighing against granting the Motion—the Court respectfully **GRANTS** the Motion to Amend.

## III. Remand

"When a plaintiff amends [its] complaint following [its] suit's removal, a federal court's jurisdiction depends on what the new complaint says." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025). And if that new complaint eliminates the federal claims which enabled removal, "the court's power to decide the dispute dissolves." *Id.* (explaining that "[w]ith the loss of federal-question jurisdiction, the court loses as well its supplemental jurisdiction over the state claims"); *see Arroyo v. Hall*, No. 21-cv-01687-CNS-MDB, 2025 WL 3496172, at *2 (D. Colo. Dec. 5, 2025) ("[T]he Court is bound to follow *Royal Canin*'s recent and clear directive, particularly where adjudication of the remaining state law claims would be better decided by a state court.").

Now that the Court has granted leave to amend the Complaint, the operative complaint is Doc. 18-1, which contains only state law claims. The Parties are not diverse, and Defendants have not sought to establish the Court's jurisdiction over this action in another way. *See* [Doc. 23 at 1–3 (Defendants acknowledging that the federal causes of action under the Lanham Act "serve as the foundation for this Court's jurisdiction" and removing the federal claims would "divest[] the Court of subject matter jurisdiction")]. Accordingly, the Court respectfully **REMANDS** this action to the Denver County District Court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Defendants' Motion for Leave to File an Amended Answer and Counterclaims, [Doc. 24], is therefore **DENIED as moot**.[3]

---

[3] In Defendants' proposed amended Answer and Counterclaim, Defendants assert that this Court has jurisdiction "over the subject matter of these Counterclaims" pursuant to 28 U.S.C. §§ 1331, 1338 and the Declaratory Judgment Act. [Doc. 24-1 at 13 ¶ 4]. However, it is well established that "'counterclaim[s]—which appear[] as part of the defendant's

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that:

(1) Plaintiffs' Motion for Leave to Amend Complaint to Remove Federal Claims [Doc. 18] is **GRANTED**;

(2) Pursuant to 28 U.S.C. § 1447(c), due to this Court's lack of subject matter jurisdiction, this case is **REMANDED** to the Denver County District Court, State of Colorado, where it was originally brought as Civil Action No. 2025CV31161;

(3) The remaining pending motion in this action, Defendants' Motion for Leave to File an Amended Answer and Counterclaims, [Doc. 24], is **DENIED as moot**; and

(4) The Clerk of Court shall **TERMINATE** this case.

DATED:  February 2, 2026

BY THE COURT:

_____
Nina Y. Wang
United States District Judge

---

answer, not as part of the plaintiff's complaint—cannot serve as the basis for arising under jurisdiction.'" *Strich v. Bd. Of Cnty. Comm'rs of Lake Cnty.*, No. 09-cv-01924-PAB-KLM, 2009 WL 2710146, at *1 (D. Colo. Aug. 25, 2009) (quoting *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002)). "The Declaratory Judgment Act does not confer jurisdiction upon federal courts" either. *Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 95 F.3d 959, 964 (10th Cir. 1996).